IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ANTHONY M.,

    Plaintiff,

v.                                                      CIVIL ACTION NO. 5:23-cv-00322

FRANK BISIGNANO,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Motion to Enter Judgment* (ECF No. 12), filed by Defendant, Frank Bisignano, Commissioner of Social Security (the "Commissioner"), on October 1, 2025, wherein the Commissioner seeks to reopen the case, affirm his final decision, and enter judgment for the Plaintiff. The parties have previously consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), (ECF No. 7), and immediate review is appropriate. Upon careful consideration of the motion and the record, the undersigned **GRANTS** the Commissioner's motion.

**I.**     **BACKGROUND**

Plaintiff filed his application for Title II benefits (the "claim") on June 29, 2020. (ECF No. 1 ¶ 3). The Social Security Administration (the "Agency") denied the claim initially on August 30, 2021, and again upon reconsideration on July 15, 2022. (*Id.*). Thereafter, Plaintiff filed a written request for hearing. (*Id.*). An administrative hearing was held before an ALJ, and on December 16, 2022, the ALJ entered an unfavorable

decision. (*Id.*). Plaintiff then sought review of the ALJ's decision by the Appeals Council. (*Id.* ¶ 4). Ultimately the Appeals Council denied Plaintiff's request for review on March 2, 2023, and the ALJ's decision became the final decision of the Commissioner on that date. (*Id.*).

Plaintiff brought the present action on April 11, 2023, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1). On July 5, 2023,[1] upon motion by the Commissioner, the Court remanded the case to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 8). Because remand was ordered under that provision of the Social Security Act, the Court retained jurisdiction of the case pending additional administrative proceedings but placed the case on the Court's inactive docket, subject to reopening statistically upon motion of either party pending the outcome of those proceedings. (ECF No. 11).

Upon remand, the Commissioner, through an Administrative Law Judge ("ALJ") entered a fully favorable decision finding Plaintiff disabled under the Social Security Act. (ECF No. 12 at 2). The ALJ's decision informed Plaintiff of his right to appeal the decision to the Appeals Council and the time limit to file such an appeal. (*Id.*) Plaintiff has not filed an appeal and the deadline to do so has passed. (*Id.*). According to the Commissioner, "[c]ounsel for the Commissioner contacted counsel for Plaintiff, and Plaintiff does not object to [the Commissioner's] motion." (*Id.*).

---

1 The Court initially entered its Order remanding the case on July 5, 2023. (ECF No. 8). On July 20, 2023, the Commissioner moved to alter or amend the Judgment accompanying that Order to specify that the Court retains jurisdiction, which the Court granted on July 21, 2023. (ECF Nos. 9, 10, 11).

## II.  LEGAL STANDARD

There are two types of social security case remands under 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) ("In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the [Commissioner] are set forth in sentence four and sentence six of § 405(g).").

> Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g). Under sentence six of § 405(g), however, such a court may remand to the Commissioner in only two circumstances, that is: (1) where the Commissioner requests a remand by the district court before answering the complaint and shows good cause in support of that request; or (2) "where new, material evidence is adduced that was for good cause not presented before the agency." *See Schaefer*, 509 U.S. at 297 n.2; *see also* 42 U.S.C. § 405(g).

> There are significant and material differences between the two foregoing types of district court remands. For example, a sentence four remand constitutes a decision on the merits of the Commissioner's denial of benefits, but a sentence six remand does not assess the merits. See *Melkonyan v. Sullivan*, 501 U.S. 89, 100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (explaining that, in contrast to a sentence four remand, a court may remand under sentence six without "ruling as to the correctness of the [Commissioner's] decision"). In addition, a district court making a sentence four remand "terminate[s] the civil action challenging" the Commissioner's decision, *see Sullivan v. Finkelstein*, 496 U.S. 617, 625, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), but the court that remands under sentence six retains jurisdiction over the case, *see Jones v. Astrue*, 650 F.3d 772, 775 (D.C. Cir. 2011). Furthermore, a remand order entered pursuant to sentence four will constitute a final decision that is appealable under 28 U.S.C. § 1291. *See Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). On the other hand, a remand order entered pursuant to sentence six is generally not a final appealable decision. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978-79 (7th Cir. 1999).

*Daley v. Comm'r, Soc. Sec.*, 741 F. App'x 963, 963–64 (4th Cir. 2018) (unpublished, per curiam); *see Dawn H. v. Kijakazi*, No. 2:23-CV-00564, 2023 WL 8634807, at *1 (S.D.W. Va. Dec. 13, 2023) ("When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but 'closes it and regards it as inactive' until additional or modified findings are supplied to the court.") (quoting *McPeak v. Barnhart*, 388 F.Supp.2d 742, 745 n.2. (S.D.W. Va. 2005)); *Allen v. Chater*, 67 F.3d 293 (4th Cir.1995) (unpublished) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order); *see also Thomas for Brown v. Sullivan*, 785 F. Supp. 788, 790 (C.D. Ill. 1992) ("A remand pursuant to sentence six is not a ruling on the merits, but merely a limited remand for further proceedings while the court retains jurisdiction over the appeal. The remand order is not the final judgment of the district court.").

Once post-remand administrative proceedings have been completed, "the parties will return to the district court . . . for entry of final judgment." *Thomas for Brown*, 785 F. Supp. At 790 (citing *Melkonyan*, 111 S.Ct. at 2165).

> If the Secretary still denies benefits, the appeal goes forward and a decision on the merits is made. If, on the other hand, the Secretary awards benefits, the court simply enters judgment in favor of the claimant on appeal. In either event, the final judgment in a sentence six remand is the order of the court following the post-remand proceedings.

*Id.* (internal citation omitted).

### III. DISCUSSION

As noted, the Court previously remanded this case under sentence six of § 402(g), thereby retaining jurisdiction over the matter. On remand, the ALJ issued a fully

favorable decision on February 13, 2025. (ECF No. 12 at 2). The record demonstrates that Plaintiff was informed of his right to appeal and the time allotted for such an appeal has expired. Additionally, the Commissioner represents that Plaintiff consents to the instant motion. Thus, the administrative proceedings are complete, and the entry of a final judgment is warranted.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that the Commissioner's *Motion for Entry of Final Judgment* (ECF No. 12) is **GRANTED**, the Commissioner's fully favorable post-remand decision, dated February 13, 2025, is **AFFIRMED**, and this matter is **DISMISSED**. Final judgment in favor of Plaintiff shall issue separately hereafter in accordance with this order and Rule 58 of the *Federal Rules of Civil Procedure*.

The Clerk is **DIRECTED** to file this written opinion and order and to transmit a copy of the same to counsel of record.

ENTERED: October 2, 2025

Dwane L. Tinsley
United States Magistrate Judge